UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| AVRY BLUE SCHWARTING,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER CARMEN VISAN, Pennington County Sheriffs Office; AGENT BOB PALMER; AGENT B.J. GEORGE; DETECTIVE DUANE BAKER; and RAPID CITY POLICE DEPARTMENT,<br><br>Defendants. | 5:24-CV-05036-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Avry Blue Schwarting filed a pro se civil action and moves for leave to proceed in forma pauperis. Docs. 1, 2. For the following reasons, this Court grants Schwarting's motion for leave to proceed in forma pauperis and screens Schwarting's complaint under 28 U.S.C. § 1915(e)(2)(B).

I.  **Motion for Leave to Proceed in Forma Pauperis**

Federal courts may allow a plaintiff to bring forth a civil action without the prepayment of fees, so long as the plaintiff submits an affidavit demonstrating their inability to cover the costs of initiating the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987) (citing Startti v. United States, 415 F.2d 1115 (5th Cir. 1969)). Whether to allow a plaintiff to proceed in forma pauperis lies "within the sound discretion of the

trial court." Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Upon review of Schwarting's motion and the provided financial information, this Court determines that Schwarting has insufficient funds to pay the full filing fee. Doc. 2. Accordingly, Schwarting's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II. 1915 Screening

### A. Factual Background as Alleged by Schwarting

Schwarting alleges that on September 13, 2014, Rapid City Police Officer Carmen Visan, Special Agent Bob Palmer, and members of the Unified Narcotics Enforcement Team (UNET), among others, violated his constitutional rights after they initiated an unlawful "stop" on his parents without provocation. Doc. 1 at 4–5. Schwarting claims that law enforcement searched and seized his parents without a warrant. Id. at 4. While Schwarting's parents were detained, law enforcement entered their hotel room without having a hotel key nor permission from hotel management. Id. Schwarting asserts that law enforcement did not call a qualified professional to deal with minors when they "illegally search[ed] and seiz[ed]" Schwarting, who was a minor at the time. Id.; see also Doc. 2 at 5 (identifying Schwarting's current age). Thereafter, law enforcement allegedly "displaced" Schwarting to a different location where he was "confined in a police car for over 2 hours, separated from [his] parents, subjected to a de-facto arrest and unconsented interrogation." Doc. 1 at 4.

Schwarting contends that the interaction with law enforcement was recorded and that the United States along with law enforcement have "conspired to 'cover up' these criminal acts perpetrated by members of the Rapid City Police Dep[ar]t[ment]" (RCPD). Id. When the video was finally released, it was missing the first eighteen to twenty-one minutes. Id. Finally, Schwarting alleges that members of the RCPD "known and unknown" conspired to commit

malfeasance while trying to "hide" the footage from Officer Visan's patrol vehicle. Id. Schwarting claims he suffered years of emotional damages and requests the following relief: (1) the termination of the law enforcement officers involved, (2) an investigation of the "cover up" and malfeasance committed by the RCPD, and (3) five million in punitive damages and five million in actual damages. Id. at 5–6.

**B.     Legal Standard**

When screening under § 1915, a court must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v.

Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Schwarting does not specify whether the Defendants are being sued in their individual or official capacities. Doc. 1. When a plaintiff does not specifically state in which capacity he or she sues the defendants, the court must apply the course of proceedings test. S.A.A. v. Geisler, 127 F.4th 1133, 1138 (8th Cir. 2025) (en banc). "The fundamental question is whether the course of proceedings has put the defendant 'on notice that she was being sued in her individual capacity' and that 'her personal liability was at stake.'" Id. (quoting Daskalea v. D.C., 227 F.3d 433, 448 (D.C. Cir. 2000)). "[T]he underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." Id. (quoting Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995)). "Relevant factors include, but are not limited to, how early in the litigation

4

the plaintiff first specified individual capacity claims, whether the plaintiff's complaint included a prayer for punitive damages, and whether the defendant declined to raise a qualified immunity defense." Id. The United States Court of Appeals for the Eighth Circuit noted that "[o]ur sister circuits can offer helpful guidance." Id. Other circuits have considered factors such as the nature of the plaintiff's claims and whether the complaint alleges that defendant acted in accordance with a government policy or custom. Goodwin v. Summit Cnty., 703 F. App'x 379, 382 (6th Cir. 2017); Briggs, 66 F.3d at 61. "[N]o single factor is dispositive in an assessment of the course of proceedings." S.A.A., 127 F.4th at 1140 (quoting Powell v. Alexander, 391 F.3d 1, 22 (1st Cir. 2004)).

Here, the relief that Schwarting seeks suggests that he intends to sue Defendants in their individual and official capacities. Schwarting seeks five million in actual and punitive damages, as well as the following injunctive relief: (1) the termination of the law enforcement officers, and (2) an investigation of the "cover up" and malfeasance committed by the RCPD. Doc. 1 at 5. Thus, this Court construes Schwarting's complaint to allege claims against Defendants in their individual and official capacities.

C.   **Legal Analysis**

1.   **Claims on Behalf of Schwarting's Parents**

Schwarting alleges that Visan, Palmer, and members of the UNET illegally searched and seized his parents, but Schwarting does not have standing to raise constitutional claims on behalf of his parents See Warth v. Seldin, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Nor can a non-attorney, self-represented litigant (like Schwarting) represent someone else in federal court. See 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or

5

by counsel"). See also Kelly v. Rockefeller, 69 F. App'x 414, 416 (10th Cir. 2003) ("[A] child lacked standing to bring a civil rights claim based on the alleged violation of his father's constitutional rights; . . . the child, who was not the object of the alleged constitutional violations, could not assert a deliberate deprivation of his own rights." (citing Archuleta v. McShan, 897 F.2d 495, 407 (10th Cir. 1990))). Schwarting does not cite to any authority showing that he has standing to bring claims for alleged violations of his parents' constitutional rights. Thus, to the extent that Schwarting is attempting to bring claims on behalf of his parents, he lacks standing to do so, and his claims against Defendants on behalf of his parents are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Claims Against the RCPD

Schwarting names the RCPD as a defendant. Doc. 1 at 1. Police departments are not suable entities under 42 U.S.C. § 1983. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992); De La Garza v. Kandiyohi Cnty. Jail, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). Thus, Schwarting has failed to state a claim upon which relief may be granted, and his claim against RCPD is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Other Claims

Schwarting identifies both 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) as the legal basis for his claims. See Doc. 1. For the sake of completeness, this Court will analyze Schwarting's claims under both § 1983 and Bivens.

#### a. § 1983 Claims

##### (i) Official Capacity Claims

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Here, Schwarting expressly states that Visan is employed by the

Pennington County Sherriff's Office, but he also states that Visan is an employee of the RCPD. Doc. 1 at 3–4. Thus, an official capacity claim against Visan is equivalent to a claim against Pennington County or the City of Rapid City. On a separate page in Schwarting's complaint, he includes the address for the Pennington County Sheriff's Office and lists Defendants "Carmen Visa[,] Inventigaitor BJ George[, and] Detective Duane Bake" below the address. Id. at 2 (spelling errors in original quotation). Thus, this Court liberally construes Schwarting's complaint to allege that George and Baker are employees of the Pennington County Sheriff's Office, and official capacity claims against them are equivalent to claims against Pennington County. Id. Schwarting appears to allege that Palmer was employed by the RCPD because he states that actions were done by "SA Bob Palmer, SA and additional members of the Rapid City Police Dept." Id. at 4. Thus, this Court liberally construes Schwarting's complaint to allege that Palmer is employed by Rapid City, and official capacity claims against Palmer are equivalent to claims against the City of Rapid City.[1] Id.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Id.; see also Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). A § 1983 complaint

---

[1] Even if Defendants Visan, Palmer, George, and Baker are employed by different governmental entities, the only actions that Schwarting alleges that any of these Defendants took relate to his parents. Doc. 1 at 4. Thus, he has failed to state a claim upon which relief can be granted.

does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe ex rel. Doe v. Sch. Dist., 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

To establish local governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (quoting Corwin v. City of Indep., 829 F.3d 695, 700 (8th Cir. 2016)).

Here, Schwarting "alleges that several members of the Rapid City Police Department, known and unknown, conspired and committed malfeasance in attempt to 'hide' the video from Officer Visan[']s Patrol vehicle that evidenced their illegal activities." Doc. 1 at 4. Schwarting also claims that police officers violated his rights when illegally searching, seizing, and confining him. Id. However, Schwarting does not allege any facts indicating that any actions by Pennington County or Rapid City employees were taken in accordance with an unconstitutional policy or custom of the county or city. Id. Thus, Schwarting's official capacity claims against Visan, Palmer, George, and Baker under § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

(ii)     **Individual Capacity Claims**

(1)     **Fourth Amendment**

Schwarting's complaint could be liberally construed to allege a Fourth Amendment claim against Visan, Palmer, George, and Baker in their individual capacities under §1983. See Doc. 1 at 4 (stating "plain clothed agents, with their firearms visible executed a warrantless entry into [the] hotel room. Police did not have a key, nor did hotel management give them access. Nor did Agents call a qualified professional to deal with minors in this situation. Agents then proceeded to illegally search and seize [Schwarting]. Law enforcement then displaced [him] and transported [him] to another location, where [he] was confined in a police car for over 2 hours, separated from [his] parents, subjected to a de-facto arrest and unconsented interrogation.").

For Schwarting to establish a § 1983 claim for a Fourth Amendment violation, he must allege a search or seizure occurred, and the search or seizure was unreasonable. McCoy v. City of Monticello, 342 F.3d 842, 846 (8th Cir. 2003) (citing Hawkins v. City of Farmington, 189 F.3d 695, 702 (8th Cir. 1999)). "Reasonableness of a seizure is determined by the totality of the circumstances and must be judged from the viewpoint of a reasonable officer on the scene, irrespective of the officer's underlying intent or motivation." Id. at 848 (citations omitted).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

9

Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin, 780 F.2d at 1338 (holding that to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the conduct that deprived the plaintiff of his constitutional rights).

Here, Schwarting claims that Visan and Palmer stopped his parents. Doc. 1 at 4. He does not allege that Visan and Palmer were involved with any actions that violated his constitutional rights, and this Court has already determined that Schwarting has not shown standing to bring claims for violation of his parents' constitutional rights. See supra at 5–6. Schwarting also does not allege any action by George or Baker that violated his constitutional rights. Doc. 1 at 4. While Schwarting does allege that an unreasonable illegal search or seizure occurred to him, he fails to include specific allegations against each named Defendant in this case, so that each Defendant knows what he or she is accused of doing. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim" (internal quotations and citation omitted)). Because Schwarting fails to plead how each named Defendant was directly responsible for a deprivation of his rights, Schwarting's complaint fails to state a valid Fourth Amendment § 1983 claim against any of the Defendants. Thus, Schwarting's Fourth Amendment individual capacity claims against Visan, Palmer, George, and Baker under § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### (2) Civil Conspiracy

Schwarting's complaint could be liberally construed to allege a civil conspiracy to cover up criminal acts. Doc. 1 at 4. To plead a civil conspiracy under § 1983, Schwarting must show "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." Livers v. Schenck, 700 F.3d 340, 360–61 (8th Cir. 2012) (citation omitted). "The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008) (citing Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999)). Although a plaintiff can use circumstantial evidence to show a conspiracy, a plaintiff bringing a § 1983 conspiracy claim must allege "specific facts tending to show" that the defendants reached an agreement to deprive the plaintiff of a constitutional right or a meeting of the minds. See Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010).

Here, Schwarting alleges that "the United States Attorney's Office, law enforcement and several defense attorneys[2] have conspired to 'cover up' these criminal acts perpetrated by members of the Rapid City Police Dept." Doc. 1 at 4. Also, "Plaintiff alleges that several members of the Rapid City Police Department, known and unknown, conspired and committed malfeasance in attempt to 'hide' the video from Officer Visan[']s Patrol vehicle that evidenced their illegal activities." Id. Schwarting has not alleged any facts showing that any named Defendant agreed to deprive him of a constitutional right or had a meeting of the minds. Id. He also does not allege any facts showing that any named Defendant committed any acts that violated his constitutional

---

[2] Schwarting has not named as defendants any individuals employed by the United States Attorney's Office or any defense attorneys. See Doc. 1.

rights. Thus, Schwarting's § 1983 civil conspiracy claim against Visan, Palmer, George, and Baker in their individual capacities is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### b.   Bivens Claims

"A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citation omitted). It appears from Schwarting's complaint that Visan, Palmer, George, and Baker are employees of Pennington County or Rapid City and are not federal officials. See Doc. 1 at 1–4. Thus, Schwarting's Bivens claims against Visan, Palmer, George, and Baker are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### c.   Statute of Limitations for § 1983 and Bivens Claims

Because Schwarting has failed to state a claim upon which relief may be granted, this Court need not ultimately determine whether Schwarting's claims are barred by the statute of limitations. However, this Court determines that it would likely be futile to permit Schwarting to amend his complaint to state a claim upon which relief may be granted because his claims are likely barred by the statute of limitations.

While § 1983 does not contain a specific statute of limitations, the Supreme Court of the United States has instructed courts to apply the most analogous state statute of limitations to claims made under § 1983. Wilson v. Garcia, 471 U.S. 261, 266–68 (1985). "Bivens actions are governed by the same statute of limitations as section 1983 actions[.]" Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995).

South Dakota has a specific statute of limitations governing civil rights actions and requiring such actions to be brought within three years after the alleged constitutional deprivation occurred. SDCL § 15-2-15.2; see also Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996). While the length of the limitations period is a matter of state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, the general rule is that "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (cleaned up). Because § 1983 borrows its statute of limitations from state law, state tolling rules apply to § 1983 claims. Forrester v. Clarenceville Sch. Dist. 537 F. Supp. 3d 944, 954 (E.D. Mich. 2021); see also Spradling v. Hastings, 912 F.3d 1114, 1120–21 (8th Cir. 2019) (applying Arkansas law to determine whether fraudulent concealment tolls the statute of limitations in a § 1983 action filed in the Eastern District of Arkansas). This Court held that SDCL § 15-2-15.2 is a statute of repose because the three-year period begins to run from occurrence of the alleged constitutional violation. Rindahl v. Reisch, 4:22-CV-04073-RAL, 2024 WL 1257348, at *3 (D.S.D. Mar. 25, 2024) (citing Doe v. Aberdeen Sch. Dist., 1:18-CV-01025-CBK, 2021 WL 4268264, at *5 (D.S.D. Sept. 20, 2021), rev'd on other grounds, 42 F.4th 883 (8th Cir. 2022)). A statute of repose, as a matter of law, cannot be tolled for any reason, including fraudulent concealment. Pitt-Hart v. Sanford USD Med. Ctr., 878 N.W.2d 406, 413 (S.D. 2016).

Even if this Court construes SDCL § 15-2-15.2 as a statute of limitations, Schwarting's claims are likely time-barred. SDCL § 15-2-22 states

> If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, was at the time the cause of action accrued, either:
> (1) Within the age of minority as defined in chapter 26-1; or
> (2) Mentally ill;

13

    the time of the person's disability is not a part of the time limited for the commencement of the action.
        The period within which the action shall be brought cannot be extended more than five years by any disability except infancy, nor can it be extended in any case longer than one year after the disability ceases.
        The provisions of this section do not apply to actions for the foreclosure of any real estate mortgage, either by action or by advertisement.

SDCL § 15-2-22.

    Schwarting indicates that the events described in his complaint occurred in 2014, when he was a minor. Doc. 1 at 4. "Minors are natural male persons and natural female persons under eighteen years of age." SDCL § 26-1-1. In Schwarting's motion for leave to proceed in forma pauperis, which is completed under penalty of perjury, he states that he is nineteen years old. Doc. 2 at 5. Schwarting's complaint and motion for leave to proceed in forma pauperis were both dated May 31, 2024, and both documents were docketed on May 31, 2024. Id. at 1, 5; Doc. 1 at 6. Thus, granting Schwarting leave to amend his complaint would likely be futile because his claims under Bivens and § 1983 would likely be time-barred under SDCL §§ 15-2-15.2 and 15-2-22.

### III.   Conclusion

    Accordingly, it is

    ORDERED that Schwarting's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

    ORDERED that Schwarting's complaint, Doc. 1, is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

    DATED this 25th day of April, 2025.

                                                  BY THE COURT:

                                                  ROBERTO A. LANGE
                                                  CHIEF JUDGE